UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                          CASE NO.: 21-21562-BKC-CLC
                                                                                Chapter 7
**SPRING FRESH FLOWERS, INC.**

_____Debtor._____/

**TRUSTEE'S APPLICATION FOR EMPLOYMENT OF RYAN CLANCY,
ESQUIRE AND AINSWORTH & CLANCY, PLLC AS SPECIAL LITIGATION
COUNSEL AND FOR APPROVAL OF CONTINGENCY FEE AGREEMENT**

Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of Spring Fresh Flowers, Inc. (the "Trustee"), hereby files his Application for Employment of Ryan Clancy, Esquire and Ainsworth & Clancy, PLLC as Special Litigation Counsel and for Approval of Contingency Fee Agreement (the "Application") pursuant to 11 U.S.C. §§ 105(a), 327(a), and 328(a) and Fed. R. Bankr. P. 2014(a) and 2016, and as good cause for same, states as follows:

**I. Background**

1.     This case commenced with the filing of voluntary Chapter 7 petition by the Debtor, Spring Fresh Flowers, Inc (the "Debtor"), on December 9, 2021 (the "Petition Date"). Shortly thereafter, the Trustee was appointed Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate").

2.     Prior to the Petition Date, creditor, Paramount Growers, LLC ("Paramount"), filed a complaint in the Circuit Court for the 11 Judicial Circuit in and for Miami-Dade County against, *inter alios*, the Debtor for breach of contract, open account and unjust enrichment (the "State Court Case"), and ultimately obtained a Final Judgment against

the Debtor in the principal amount of $165,161.29, plus pre-judgment interest and post-judgment interest at 6.57% per annum (the "Judgment").

3.  Paramount was represented by Ryan Clancy, Esquire and his firm Ainsworth & Clancy, PLLC (collectively, "Applicant") in the State Court Case, and upon obtaining the Judgment, Applicant conducted extensive post-judgment discovery and identified potential litigation claims related to, among other things, the transfer of the Debtor's assets and/or operations by and to certain third parties (the "Claims").

## II. Proposed Employment Terms

4.  Accordingly, given Applicant's extensive experience in the prosecution of these types of claims and its extensive knowledge of the history of the Debtor and the Claims that are to be pursued, the Trustee seeks to employ Applicant as Special Litigation Counsel to continue pursuit of the Claims for the benefit of the Estate on a contingency fee basis, pursuant to the terms and conditions set forth herein:

    a.  The Estate agrees to pay Applicant a 33 1/3% contingency fee from the gross proceeds of a recovery acceptable to the Trustee and this Court, subject to subsequent Bankruptcy Court approval pursuant to, *inter alia*, 11 U.S.C § 328 and 330 (the "Contingency Fee")

    b.  In addition to the Contingency Fee, the Estate will pay Applicant reasonable expenses and out of pocket costs it incurs in connection with the pursuit of the Claims in the event of a recovery acceptable to the Trustee and this Court, subject to subsequent Bankruptcy Court approval pursuant to, *inter alia*, 11 U.S.C § 328 and 330;

c.  In the event there is no recovery acceptable to the Trustee or this Court, the Estate shall not be responsible for any fees, costs or expenses;

d.  Settlement of the Claims is subject to Trustee's acceptance and Bankruptcy Court approval pursuant to, *inter alia*, Federal Rule of Bankruptcy Procedure 9019;

e.  In the event of a recovery acceptable to the Trustee and this Court, Applicant shall not deduct its Bankruptcy Court approved fees or costs from said recovery.  Rather, the gross proceeds shall be turned over to the Trustee, and thereafter, the Trustee shall distribute, *inter alia*, the Bankruptcy Court approved fees and costs to Applicant;

f.  Applicant may not employ any other attorney(s) to help with the Claims without first obtaining the Trustee and the Bankruptcy Court's approval. In the event any other approved attorney(s) are subsequently engaged, such engagement will not increase the contingency fee set forth above. Rather the new attorney(s) shall share in the contingency fee in a manner that Applicant and the new attorney(s) agree to;

g.  The Trustee reserves the right to terminate Applicant at any time via written notice to Applicant.  In the event the Trustee elects to terminate Applicant, Applicant may file a claim in the Bankruptcy Case for all costs and expenses incurred by it and the reasonable value of its services performed to date, payment of which will be subject to subsequent Bankruptcy Court approval.  The Trustee reserves all rights to object to any such filed claim(s);

3

    h.  Applicant shall not execute any documents related to the Claims without the written approval of the Trustee; and

    i.  The Bankruptcy Court shall retain exclusive jurisdiction to: (a) enforce, implement and/or interpret the terms and provisions of the instant Application and/or Order granting the instant Application (the "Employment Order"); and (b) resolve any disputes, controversies or claims arising out of or relating to the instant Application and/or the Employment Order.

### III. Requested Relief and Basis Therefor

5.    This Court has the power to authorize said employment pursuant to 11 U.S.C. §327(a) which provides, in pertinent part, that "… the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

6.    Further, 11 U.S.C. §328(a) provides, in pertinent part, that the "trustee…with court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."

7.    Applicant and its attorneys are duly admitted to practice before this Court and other necessary state and federal courts in this jurisdiction and, as set forth above, have a particular expertise and knowledge with respect to the Claims it is being employed

to pursue. Moreover, as detailed in the affidavit of Ryan Clancy, Esquire, attached hereto as Exhibit 'A", Applicant believes it is disinterested as required by 11 U.S.C. §327(a). Namely, Applicant does not hold or represent any interest adverse to Trustee or the Estate, but in the abundance of caution and in the interests of full disclosure, Applicant does note that: (a) Applicant has in the past, present, and may continue from time to time in the future, to represent creditors in unrelated cases who were or may be adverse to the Trustee in his capacity as trustee of unrelated estates; and (b) as disclosed in Paragraph 3 of this Application, Applicant represents and will continue to represent creditor, Paramount, in this case. However, Applicant does not believe the foregoing creates or presents any interest adverse to the Trustee or the Estate. Rather, Applicant believes the interests of the parties are aligned[1] and that its extensive knowledge of the Debtor and the Claims that it possesses from its prior involvement in the State Court Case and this case will only lend itself to the economical administration of the Estate. Lastly, Paramount has consented to Applicant's proposed representation of the Trustee and Estate pursuant to Rule 4-1.7 of the Florida Rules of Professional Conduct.

8. Accordingly, the Trustee submits that the retention of Applicant as special litigation counsel, and approval of the Contingency Fee, is in the best interest of the Estate, and therefore, seeks entry of an order authorizing the employment of Applicant as special litigation counsel on the terms and conditions set forth herein.

**WHEREFORE,** Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of Spring Fresh Flowers, Inc., respectfully requests this Honorable Court enter an Order: (i)

---

[1] Paramount is presently the Estate's largest unsecured creditor holding over 72% in amount of the unsecured claims filed in this case. Consequently, any recovery the Estate obtains from the Claims may result in a meaningful distribution to Paramount, and therefore, Applicant's pursuit of the Claims may ultimately benefit all parties – the Trustee, the Estate and Paramount.

granting the instant Application: (ii) authorizing the Trustee to employ Ryan Clancy, Esquire and Ainsworth & Clancy, PLLC as special litigation counsel on the terms and conditions set forth herein; (iii) approving the Contingency Fee as set forth herein; and (iv) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 29, 2023, a true and correct copy of the foregoing was served via electronic transmission to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all interested parties listed on the attached service list.

Respectfully submitted,

/s/ Joshua D. Silver
Joshua D. Silver
Florida Bar No. 100022
Tabas & Silver, P.A.
Attorneys for the Chapter 7 Trustee
25 S.E. 2nd Avenue, Suite 248
Miami, Florida 33131
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
jsilver@tabassilver.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:  CASE NO.: 21-21562-BKC-CLC
Chapter 7

**SPRING FRESH FLOWERS, INC.**

_____Debtor._____/

### AFFIDAVIT OF RYAN CLANCY

STATE OF FLORIDA            )
                            ) ss:
COUNTY OF MIAMI-DADE        )

BEFORE ME, the undersigned authority, personally appeared Ryan Clancy ("Clancy"), in Miami, Florida, who after being duly sworn, deposes and says as follows:

1. I am a partner of the law firm Ainsworth & Clancy, PLLC ("A&C" and together with Clancy, the "Applicant").

2. I and other attorneys of A&C are duly admitted to practice law in the State of Florida and before this Court and other necessary state and federal courts in this jurisdiction.

3. I have reviewed the Application for Employment of Ryan Clancy, Esquire and Ainsworth & Clancy, PLLC as Special Litigation Counsel and for Approval of Contingency Fee Agreement (the "Application") to which this Affidavit is attached, and believe that Applicant is qualified to represent the Trustee and the Estate in connection with the matters described therein. Further, Applicant has agreed to accept employment on the terms and conditions set forth in the Application.

4. To the best of my knowledge, information and belief, Applicant is disinterested within the meaning of 11 U.S.C. §101 and is eligible to serve as counsel for

# EXHIBIT "A"

the Estate and the Trustee pursuant to the provisions of 11 U.S.C. § 327(a). However, in the abundance of caution and in the interests of full disclosure it should be noted that: (a) Applicant has in the past, present, and may continue from time to time in the future, to represent creditors in unrelated cases who were or may be adverse to the Trustee in his capacity as trustee of unrelated estates; and (b) as disclosed in the Application, Applicant represents and will continue to represent creditor, Paramount Growers, LLC ("Paramount"), in this case. However, Applicant does not believe the foregoing creates or presents any interest adverse to the Trustee or the Estate and Paramount has consented to Applicant's representation of the Trustee and Estate pursuant to Rule 4-1.7 of the Florida Rules of Professional Conduct.

5. Except for the representation of Paramount, and the proposed representation of the Trustee, Applicant does not have any other connection with the Debtor or its principals.

6. Except for the continued representation of Paramount, Applicant will not represent any other party in connection with this case and will not accept any fee from any other party in this case.

7. Applicant does not have a prepetition or other claim against the Estate.

**FURTHER AFFIANT SAYETH NAUGHT.**

Ryan Clancy, Esquire

THE FOREGOING INSTRUMENT was acknowledged before me this 28 day of August, 2023, by Ryan Clancy, Esquire, who is personally known to me or has produced _____ for identification.

Notary Public, State of Florida

My Commission Expires: 10/31/2025

DANIEL ANTHONY TAMARGO
MY COMMISSION # HH193007
EXPIRES: October 31, 2025

Page 2 of 2

21-21562-AJC
**Spring Fresh Flowers, Inc.**
**3105 NW 107 Avenue, #400 Q4**
**Miami, FL 33172-2185**

21-21562-AJC
Ainsworth + Clancy, PLLC
801 Brickell Avenue, 8th Floor
Miami, FL 33131-2951

21-21562-AJC
Creditors Relief
700 E. Palisafes Avenue
Englewood Cliffs, NJ 07632-3040

21-21562-AJC
Falcon Farms, Inc.
2330 NW 82 Avenue
Miami, FL 33122-1511

21-21562-AJC
Falcon Farms, Inc.
c/o Jairo Rengifo
2330 NW 82 Avenue
Miami, FL 33122-1511

21-21562-AJC
Florida Department Of Revenue
5050 W Tennessee St
Tallahassee, FL 32399-0110

21-21562-AJC
Florida Power & Light Co
4200 W Flagler St
RRD\LFO BKY
Coral Gables, FL 33134-1606

21-21562-AJC
FUNDRITE LLC
ATTN VICTORIA CLAPS
21 E FRONT STREET
RED BANK NJ 07701-1876

21-21562-AJC
Fuselier & Associates Financial, Inc.
637 Presidentia Drive
Richardson, TX 75081-2928

21-21562-AJC
Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

21-21562-AJC
Mantis Funding, LLC
64 Beaver Street, Suite 344
New York, NY 10004-2508

21-21562-AJC
Moises Flores
c/o Richard Celler Legal, P.A.
7450 Griffin Road, Suite 230 Fort
Lauderdale, FL 33314-4104

21-21562-AJC
On Deck Capital, Inc.
1400 Broadway, 25th Floor
New York, NY 10018-5225

21-21562-AJC
Paramount Growers, LLC
9999 NE 2nd Avenue #216
Miami, FL 33138-2345

21-21562-AJC
Richard Celler Legal, P.A.
7450 Griffin Road, Suite 230
Fort Lauderdale, FL 33314-4104

21-21562-AJC
Space Coast Credit Union
P.O. Box 419001
Melbourne, FL 32941-9001

21-21562-AJC
Streetwide Asset Recovery Group, Inc.
Attn: Michael Colombo
100 Village Court, Suite 201
Hazlet, NJ 07730-1548

21-21562-AJC
Sunrise Credit Services, Inc.
P.O. Box 9100
Farmingdale, NY 11735-9100

21-21562-AJC
Superior Florals
2330 NW 82 Avenue
Miami, FL 33122-1511

21-21562-AJC
Superior Florals
c/o Richard Perillo
7250 NW 35
Terrace Miami, FL 33122-1356

21-21562-AJC
Vogel Bach & Horn, LLP
1441 Broadway, Suite 5031
New York, NY 10018-1905

21-21562-AJC
Zachter, PLLC
Jeffrey Zachter
30 Wall Street, 8th Floor
New York, NY 10005-2205